J-S10031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES JOHNSON | : | |
| | : | |
| Appellant | : | No. 582 EDA 2018 |

Appeal from the PCRA Order February 9, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001693-2011

BEFORE: GANTMAN, P.J.E., STABILE, J., and COLINS*, J.

MEMORANDUM BY GANTMAN, P.J.E.: **FILED MARCH 22, 2019**

Appellant, James Johnson, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition brought under the Post Conviction Relief Act ("PCRA").[1] We affirm.

In its opinion, the PCRA court fully and correctly sets forth the relevant facts and procedural history of this case. Therefore, we have no need to restate them.

Appellant raises the following issues for our review:

> WHETHER THE COURT ERRED IN DENYING…APPELLANT'S PCRA PETITION WITHOUT AN EVIDENTIARY HEARING ON THE ISSUES RAISED IN THE AMENDED PCRA PETITION REGARDING TRIAL COUNSEL AND/OR APPELLATE COUNSEL'S INEFFECTIVENESS[?]
>
> WHETHER THE COURT ERRED IN NOT GRANTING RELIEF ON

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

---

* Retired Senior Judge assigned to the Superior Court.

THE PCRA PETITION ALLEGING TRIAL COUNSEL AND/OR APPELLATE COUNSEL WAS INEFFECTIVE FOR:

A. FAILING TO FILE A POST-TRIAL MOTION THAT THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE;

B. FAILING TO FILE A POST-TRIAL MOTION FOR RECONSIDERATION OF SENTENCE;

C. FAILING TO EFFECTIVELY REPRESENT…APPELLANT ON APPEAL[?]

(Appellant's Brief at 8).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101, 109 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super. 2012); Pa.R.Crim.P. 907.

After a thorough review of the record, the briefs of the parties, the

applicable law, and the well-reasoned opinion of the Honorable Paula Patrick, we conclude Appellant's issues merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of the questions presented. (*See* PCRA Court Opinion, filed April 13, 2018, at 5-18) (finding: **(1)** Appellant's PCRA claims of ineffective assistance of counsel established no genuine issues of material fact to warrant hearing; **(2)** as factfinder, trial court observed Officer McFillin's demeanor and determined Officer McFillin's trial testimony was credible; any post-sentence motion raising weight of evidence claim based upon court's determination of Officer McFillin's credibility would have failed; also, trial court acted within its discretion when it imposed separate but concurrent sentences for each offense; Superior Court decision on direct appeal did not disturb overall sentencing scheme; with respect to discretionary aspects of sentence, court considered PSI report and all other relevant sentencing factors; further, trial court's decision to allow Commonwealth to amend bills of information to include possession of firearm prohibited was proper, where possession of firearm prohibited charge stemmed from same facts and included same basic elements as other offenses charged; therefore, Appellant's PCRA claims of ineffective assistance of counsel merit no relief on these grounds). The record supports the court's decision. Accordingly, we affirm based on the PCRA court opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/19

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY** **FILED**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION** 2018 APR 13 AM 10: 31

!OFFICE OF JUDICIAL RECORDS
CRIMINAL DIVISION
FIRST JUDICIAL DISTRICT
OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | PHILADELPHIA COUNTY COURT OF COMMON PLEAS |
| | : | |
| vs. | : | |
| CP-51-CR-0001693-2011 Comm. v. Johnson, James<br>Opinion | : | CP-51-CR-0001693-2011 |
| JAMES JOHNSON | | 582 EDA 2018 |



8095327311

## OPINION

**Patrick, J.**        **DATE: April 13, 2018**

Defendant/Appellant, James Johnson, filed an appeal from this Court's dismissal of his Post-Conviction Relief Act ("PCRA") Petition. This Court now submits the following Opinion in support of its ruling and in accordance with the requirements of Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure. For the reasons set forth below, this Court's decision should be affirmed.

## PROCEDURAL/FACTUAL HISTORY

On January 3, 2011, at approximately 10:22 p.m., Philadelphia Police Officers Joe McFillin and William Winckler received a radio call about a black male with a gun inside the Comfort Zone Bar (the "Bar"), located at 2400 Germantown Avenue, a high drug and high crime area. N.T. 8/11/11 at 5-6, 8, 15-16. According to the flash information, the male was wearing a black vest, blue sweatshirt, light colored jeans, and a gray hoodie. *Id.* at 6. The officers, who were dressed in uniform, were driving in separate police cars. *Id.* at 9-10, 14, 20-21. They arrived in their respective vehicles and entered the Bar. *Id.* at 9-10. Shortly thereafter, a woman passed by Officer

1

McFillin and said, "the male behind you, he just walked out of the bathroom." *Id.* at 6. Officer McFillin turned around and saw the Defendant "walking from the bathroom area to leave the bar." *Id.* Officer McFillin believed that the woman was letting him know that the suspect was nearby and that this was, in fact, the person for whom he was looking. *Id.* at 7-8. While Officer McFillin spoke with this woman, Officer Winckler approached the Defendant, who matched the flash description. *Id.* at 17. Officer McFillin also walked over to the Defendant after corroborating the anonymous tip and conducting an independent investigation of the scene. *Id.* at 7. Officer Winckler calmly asked the Defendant to come outside with them so they could talk; Officer Winckler politely led the Defendant outside by the arm. *Id.* at 17-18, 20. Once outside, Officer Winckler asked Defendant if he was armed; the Defendant did not respond. *Id.* at 17. For their safety, Officer Winckler put the Defendant against a wall and performed a quick pat down and frisk of his person for weapons. *Id.* Officer Winckler felt a budge which he immediately recognized as a weapon; he then recovered a black and silver .40 caliber Smith & Wesson semiautomatic firearm loaded with one round and containing nine (9) additional rounds of live ammunition from Defendant's right front pants pocket. *Id.* at 21.

Defendant was arrested and charged with Possession of a Firearm Prohibited (18 Pa.C.S.A. § 6105), Carrying Firearms Without a License (18 Pa.C.S.A. § 6106) and Carrying Firearms on Public Property in Philadelphia (18 Pa.C.S.A. § 6108). On August 11, 2011, a waiver trial was held before the Honorable Paula A. Patrick. Defendant was found guilty of the above-referenced charges. On March 29, 2012, Defendant was sentenced to four (4) to eight (8) years' incarceration. On April 18, 2012, Defendant filed a timely Notice of Appeal. On August 24, 2012, pursuant to this Court's directive, Defendant filed his 1925(b) Statement of Errors Complained of on Appeal. On June 4, 2013, this Court filed its Rule 1925(a) Opinion. On January 17, 2014, the Superior

2

Court affirmed this Court's decision in part, and reversed in part; it vacated Defendant's convictions for Carrying Firearms Without a License (18 Pa.C.S.A. § 6106), and Carrying Firearms on Public Property in Philadelphia (18 Pa.C.S.A. § 6108). Despite this, Defendant's overall sentence did not change. On February 12, 2014, Defendant filed a Petition for Allowance of Appeal from the Order of the Superior Court; it was denied by our Supreme Court on August 28, 2014.

On August 27, 2015, Defendant filed a pro se PCRA petition. Defendant filed an amended pro se PCRA petition on January 7, 2016. Peter A. Levin, Esquire, was subsequently appointed to represent Defendant and on May 2, 2017, Mr. Levin filed an amended PCRA petition on behalf of Defendant. On October 30, 2017, the Commonwealth filed a Motion to Dismiss. On November 6, 2017, this Court filed a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. Rule 907, finding that the issues raised in Defendant's PCRA petition were without merit. On February 9, 2018, Defendant's PCRA petition was formally dismissed. On February 21, 2018, Defendant filed a Notice of Appeal to the Superior Court. Pursuant to this Court's directive, Defendant filed a 1925(b) Statement of Errors Complained of on Appeal on March 12, 2018.

## ISSUES

Defendant/Appellant raised the following issues in his 1925(b) Statement of Errors Complained of on Appeal:

1. The court was in error in denying the amended PCRA due to the ineffectiveness of counsel in failing to properly represent defendant[.] The issues are explained in the amended PCRA filed by counsel and include the following:

   a. Counsel was ineffective for failing to file post-trial motions that the verdict was against the weight of the evidence.

   b. Counsel was ineffective for failing to file post-trial motions for a reconsideration of sentence.

3

c. Appellate counsel was ineffective in representation for failing to appeal the amending of Bills of Information by the Commonwealth.

2. The court was in error for failing to grant an evidentiary hearing.


## STANDARD OF REVIEW

The applicable standard of review for an order denying a petition under the PCRA requires an inquiry into whether the record supports the PCRA court's determination and whether the PCRA court correctly stated and applied the law. *Commonwealth v. duPont*, 860 A.2d 525, 529 (Pa. Super. 2004). The PCRA court's findings will not be disturbed unless its findings are unsupported by the record. *Id.*


## DISCUSSION

## I. THIS COURT DID NOT ERR IN DENYING DEFENDANT'S PCRA PETITION

On appeal, Defendant contests the effectiveness of trial counsel. According to Defendant, trial counsel was ineffective for (A) failing to file post-trial motions challenging the weight of the evidence, (B) failing to file post-trial motions for reconsideration of sentence, and (C) failing to appeal the Commonwealth's amendment of the bills of information. Defendant's claims should be dismissed; Defendant has failed to satisfy his burden of establishing that he is entitled to any relief.

It is well-established that counsel is presumed to have been effective. The Defendant bears the burden of overcoming this presumption and proving ineffectiveness. *Commonwealth v. Rollins*, 738 A.2d 435, 441 (Pa. 1999). To establish a claim of ineffective assistance of counsel under the PCRA, the Defendant must demonstrate the following:

> (1) the underlying claim has arguable merit; (2) counsel's course of conduct was without any reasonable basis designed to effectuate his client's interest; and (3) he

4

was prejudiced by counsel's ineffectiveness, i.e. there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different.

*Commonwealth v. Lauro*, 819 A.2d 100, 105-06 (Pa. Super. 2003) (citing *Commonwealth v. Abdul–Salaam*, 808 A.2d 558, 561 (Pa. 2001)). "Failure to prove any prong of this test will defeat an ineffectiveness claim." *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014).

### A. Defendant has failed to satisfy his burden of proving ineffectiveness based on counsel's failure to file post-trial motions that the verdict was against the weight of the evidence

On appeal, Defendant claims that trial counsel was ineffective for failing to file post-trial motions that the verdict was against the weight of the evidence. Defendant's assignment of error hinges on the testimony of Officer McFillin, which Defendant contends was not credible. "Due to the lack of credibility of the officer's testimony, which was the only evidence proffered by the Commonwealth to support the charge, the evidence preponderates sufficiently against [Defendant's] conviction and suggests that a serious miscarriage of justice may have occurred." *See Amended Petition Under Post-Conviction Relief Act dated May 2, 2017*. Defendant's claim must fail.

It is well-settled that the credibility of witnesses and the weight to be accorded the evidence are matters within the province of the trier of fact, who is free to believe all, some, or none of the evidence. *Commonwealth v. Taylor*, 471 A.2d 1228, 1229-30 (Pa. Super. 1984). An appellate court cannot substitute its judgment regarding the credibility of witnesses for that of the finder of fact. *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003). A verdict will be reversed and a new trial granted only where the verdict is so contrary to the evidence as to shock one's sense of justice. *Commonwealth v. Passmore*, 857 A.2d 697, 708 (Pa. Super. 2004). "A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." *Commonwealth v. Widmer*, 744 A.2d 745, 752 (Pa.

5

2000). Our appellate courts have emphasized that "[o]ne of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Id.* at 753.

Here, Defendant has failed to satisfy the prejudice prong of the test for ineffectiveness. As previously discussed, a waiver trial was held on August 11, 2011 before this Court. At trial, the Commonwealth introduced, inter alia, the live testimony of Police Officer McFillin.[1] Officer McFillin testified that on January 3, 2011, at approximately 10:22 p.m., he received a radio call about a black male wearing a black vest, gray hoodie, and light colored jeans, "with a gun inside the Comfort zone bar located at Germantown and Cumberland." N.T. 8/11/11 at 6. Officer McFillin entered the Bar and began walking towards the back when a woman passed by him and said, "the male behind you, he just walked out of the bathroom." *Id.* Officer McFillin believed the woman was letting him know that the suspect was nearby and that this was, in fact, the person for whom he was looking. *Id.* Officer McFillin testified that he and Officer Winckler approached the Defendant and led him outside. *Id.* at 7-8. Once outside, Officer Winckler engaged in a limited, protective search for concealed weapons. *Id.* at 9. According to Officer McFillin, a firearm was recovered from Defendant's front right pants pocket.[2]

---

[1] It should be noted that, contrary to Defendant's claim, Officer McFillin's testimony was not the only evidence proffered by the Commonwealth. The Commonwealth also introduced as evidence the property receipt referencing the black and silver .40 caliber Smith & Wesson semiautomatic firearm that was recovered, a ballistics report for the firearm, and a certificate of non-licensure for Defendant.

[2] Officer Winckler's testimony corroborated that of Officer McFillin. Officer Winckler testified that he received a radio call for "a black male, wearing a gray hoodie, black vest, jeans and a blue sweatshirt." *Id.* at 19. Once inside the Bar, Officer Winckler observed the Defendant who matched the flash description. Officer Winckler approached the Defendant and he and Officer McFillin led Defendant outside by the arm. Officer Winckler had the Defendant face the wall and asked Defendant if he had a gun. The Defendant did not respond. Officer Winckler performed "a quick frisk of him." *Id.* at 17. In doing so, Officer Winckler felt an object in Defendant's right front pants pocket, which was in the shape of a gun. *Id.* at 21. Officer Winckler removed a black and silver .40 caliber Smith & Wesson semiautomatic firearm loaded with one round and containing nine (9) additional rounds of live ammunition. *Id.* at 33.

6

This Court, as the fact finder, had an opportunity to view Officer McFillin's demeanor and evaluate his credibility. In doing so, this Court determined that Officer McFillin's testimony was credible. This Court expressly stated as much in its June 4, 2013 opinion; it specifically stated the following:

> Officer McFillin credibly testified that someone in the bar had anonymously made the call to the police for a man with a gun.

*See Trial Court Opinion dated June 4, 2013* at page 5.

> ... Officer McFillin credibly testified that he believed the woman was letting him know that the suspect was nearby and that this was, in fact, the person he was looking for.

*Id.* at 11.

> ... Officer McFillin credibly testified that this bar preferred to handle issues and complaints internally so as to avoid involving the police in its affairs.

*Id.* at 14.

> At trial, this Court found the officers to be credible and that [Defendant] did possess the gun beyond a reasonable doubt.

*Id.* at 13. Given this Court's explicit finding regarding Officer McFillin's credibility, any post-trial motion alleging that the verdict was against the weight of the evidence on the basis that Officer McFillin's testimony "was not worthy of belief" would have failed. Since Defendant did not and could not establish that there existed a reasonable probability that had trial counsel filed a post-trial motion, the outcome of the proceedings would have been different, this claim should be dismissed. *Commonwealth v. Paddy*, 609 Pa. 272, 15 A.3d 431, 442 (2011).

7

**B. Defendant has failed to satisfy his burden of proving ineffectiveness based on counsel's failure to file a post-trial motion for reconsideration of sentence**

On appeal, Defendant claims that trial counsel was ineffective for failing to file a post-trial motion for reconsideration of sentence because his sentence of four (4) to eight (8) years' imprisonment was harsh and unreasonable. Defendant's claim lacks arguable merit and should be dismissed.

It is well-established that "[s]entencing is a matter vested in the sound discretion of the sentencing judge." *Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006) (emphasis added) (quoting *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006)).

> [A] sentence will not be disturbed on appeal *absent a manifest abuse of discretion*. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Id.* The sentencing court is afforded such broad discretion because it "is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Commonwealth v. Allen*, 24 A.3d 1058, 1164 (Pa. Super. 2011).

This Court acted within its discretion when it sentenced Defendant in the underlying action. As previously discussed, this Court found Defendant guilty of Carrying Firearms Without a License (18 Pa.C.S.A. § 6106), Carrying Firearms on Public Property in Philadelphia (18 Pa.C.S.A. § 6108), and Possession of a Firearm Prohibited (18 Pa.C.S.A. § 6105). On March 29, 2012, this Court sentenced Defendant to two and a half (2 ½) to five (5) years' incarceration for Carrying Firearms on Public Property in Philadelphia (18 Pa.C.S.A. § 6108), three and a half (3 ½) to seven (7) years' incarceration for Carrying Firearms Without a License, (18 Pa.C.S.A. § 6106), and four (4) to eight (8) years' incarceration for Possession of a Firearm Prohibited (18 Pa.C.S.A. § 6105). This Court specified that these sentences were to run concurrent. Defendant

8

subsequently filed an appeal to the Superior Court and on January 17, 2014, the Court vacated Defendant's convictions for Carrying Firearms on Public Property in Philadelphia (18 Pa.C.S.A. § 6108) and Carrying Firearms Without a License (18 Pa.C.S.A. § 6106). Despite this, this Court's overall sentencing scheme did not change; the Superior Court explained as follows:

> We note that Appellant was sentenced to a term of three and one-half to seven years' incarceration for carrying a firearm without a license, and two and one-half to five years' incarceration for carrying a firearm on public streets or public property in Philadelphia. These sentences were entirely concurrent to Appellant's sentence of four to eight years' incarceration for the second-degree felony of person not to possess firearms. Under these circumstances, we conclude that the trial court's overall sentencing scheme has not been upset. *Commonwealth v. Thur*, 906 A.2d 552, 569 (Pa. Super. 2006).

*See Superior Court Opinion dated January 17, 2014.*

Defendant now claims that this Court's sentence of four (4) to eight (8) years for Possession of a Firearm Prohibited (18 Pa.C.S.A. § 6105) was unreasonable and harsh. Defendant contends, in part, that this Court "was considering the convictions on the two counts that the Superior Court reversed" when it sentenced Defendant to four (4) to eight (8) years' imprisonment. *See Amended Petition Under Post-Conviction Relief Act dated May 2, 2017* at pages 12-13. According to Defendant, had he "not been convicted of those two counts, a reasonable court would have sentenced [Defendant] to a term of less than 4-8 years." *Id.* Defendant is mistaken. As explained above, this Court imposed separate sentences for each offense. Although two of the convictions were vacated, Defendant's conviction for Possession of a Firearm Prohibited (18 Pa.C.S.A. § 6105), which carried the longest sentence of four (4) to eight (8) years, was not overturned. As such, the overall sentencing scheme had not been upset. Since there is no support for Defendant's contention that this Court considered the overturned convictions when it sentenced Defendant for Possession of a Firearm Prohibited (18 Pa.C.S.A. § 6105), his claim must fail.

9

Defendant also contends that this Court failed to give consideration to the following mitigating factors: (a) that Defendant remained arrest free for a substantial period of time; (b) that Defendant waived his right to a jury trial; (c) that Defendant has a good relationship with his son and provided for him and the boy's mother; and (d) that Defendant got his GED. According to Defendant, trial counsel was ineffective for failing to raise this issue in a post-trial motion for reconsideration of sentence. Defendant's claim fails for lack of arguable merit. As demonstrated below, this Court considered a variety of factors in fashioning its sentence, including the factors he listed.

Following the August 11, 2011 waiver trial, this Court ordered a pre-sentence report. As our appellate courts have noted, where pre-sentence reports exist, there is a presumption that the sentencing judge was aware of information relating to the Defendant's character, and considered that information along with the mitigating statutory factors. *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). *See also Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) ("where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed").

In addition to reviewing and considering the information in the pre-sentence report, this Court listened to the arguments of counsel. The following arguments were advanced by defense counsel at the March 29, 2012 sentencing hearing:

> **MS. REIFSNYDER**: There was a motion in front of Your Honor back in August. He was convicted of the VUFA charges. He is a 10-3 I believe. I'm going to tell you a little bit about him. The three points come mostly from an incident in 2000. So he was basically conviction free for about a decade and then ran into trouble again and had this matter but he had been doing good things in that time period. He got his GED. He lived in Philly. He has his wife here in the courtroom...
>
> ...

10

I would point out that he had about seven and a half months in. He had been in from, I believe, January 4th until August 23rd. And then since he's been picked up by Your Honor's bench warrant, he's been in another -- not quite a month. Obviously with his guidelines he would still have some time to do. We are asking for some mitigation. He did waive his preliminary hearing and given the fact that he's only 29 -- and 28 when the incident happened -- his points are some what old, in excess of a decade. I do believe this person is a different individual than the 17-year old kid who got three points and, based on that, I'm asking for some slight mitigation.

N.T. 3/29/12 at 2, 6-7. This Court also considered the arguments advanced by the Commonwealth:

**MS. MITRICK:** With respect to the sentencing on this VUFA case, Your Honor is aware of the prior record. I reviewed the PSI. I agree that the prior record is a three. Although he did remain arrest free for a period of time, I'd note or bring to Your Honor's attention that he was on state parole for ten years after the convictions. Your Honor, he was again arrested in 2010 for a PWID. That was withdrawn and again in 2011 for a PWID that was withdrawn. I want to give Your Honor a little more information -- which I did show to counsel this morning. Your Honor, December 22nd of 2010, which is about ten days before he picked up the gun case for which Your Honor found him guilty, there was a shooting on Arizona Street in Northwest Philadelphia in the 39th District not far from where he was arrested with this gun.

. . .

So the allegations are that he shot a young man in a stomach because of a dispute over a female. A 40-caliber FCC was recovered in that shooting. Multiple witnesses identified him as] the shooter. Unfortunately that case was eventually withdrawn prior to us getting ballistics because we simply could not get those witnesses to court. We since have received the ballistics and I thought it was important for Your Honor to know that the gun that he had in this case ten days later matches the FCC for that shooting for which multiple witnesses identified him. He's being reinvestigated now that we have that information. After Your Honor found him guilty and gave him the benefit of not revoking his bail, trusting him to come back for his sentencing -- and he basically thumbed his nose at the Court, disrespecting the Court's, I guess, courtesy to him. He did pick up other cases which I wanted to tell you about. January 13th of this year, only two blocks from the Arizona Street shooting, there was another shooting wherein a 50 year old man was shot in the neck and this defendant was identified by at least two people as being the shooter in that case.

. . .

That case already has been held for court. The witnesses are cooperating came in testified at the preliminary hearing and that is going forward to trial on attempted murder being that, again like the Arizona Street shooting, this shooting was, I guess,

11

provoked because he thought somebody was looking at his girl, just like the Arizona Street shooting. Your Honor, there was an active warrant for him for that case after he was identified and he was eventually arrested on that body warrant, on Your Honor's bench warrant when police actually observed him out on the street beating a female who was identified later as his lawful wife, a different female. The police actually observed that. So that's kind of what's going on with this defendant. I would ask for an aggravated sentence in this case of five to 10 years -- that is within the guidelines -- based on his prior record, based on the huge disrespect of this Court in failing to appear at sentencing, on the new arrest, including the one that has been held for court, the ballistics showing that this gun that he had was used in the shooting just ten days prior in which he was identified and the fact there has been no acceptance of responsibility whatsoever. This defendant has been supervised by State Parole before. He came off that supervision not somebody who wanted to walk the straight and narrow, not somebody who wanted to change his life but somebody who continues to walk around the streets of Philadelphia with a gun, gets arrested for that, picks up new shooting cases. And I would just state that he is a danger to the community based on his prior history and the open cases that he does have and the aggravated range would be appropriate.

*Id.* at 8-10. Finally, this Court heard testimony from the Defendant's wife, Megan Walker, as well as the Defendant himself. The following exchange occurred between Ms. Walker and defense counsel:

MS. REIFSNYDER: Ms. Walker, do you know my client, Mr. Johnson?
MS. WALKER: Yes.
MS. REIFSNYDER: How long did you know him?
MS. WALKER: We grew up together, actually.
MS. REIFSNYDER: I know you wrote some things out. If you wanted to read that you could. But if you want to talk to Her Honor, what can you tell us about Mr. Johnson?
...

MS. WALKER: I want to say that Mr. Johnson is caring and compassionate and providing and everything like that. I see the way Your Honor ruled. I know that he knows what he did. He just wanted everything to work out.
He was working on getting a job. As a matter of fact, he was working. Me and him had took on a courtship. We have a son. He always provided for us and he did what he did because he had to take care of us. Like I said, I know -- Your Honor, I don't want you to think -- I don't want you to think that I think you are -- I want you to know that I'm a respected citizen. Please hear me out when I say he's not a threat to society or anything like that and he needs to be home for his family.
MS. REIFSNYDER: He has a son. How old is his son?
MS. WALKER: He'll be eight. He's seven.
MS. REIFSNYDER: He'll be eight?
MS. WALKER: Yes, he's seven.

12

**MS. REIFSNYDER:** How is Mr. Johnson's relationship with his son?
**MS. WALKER:** It's excellent. He is a very good impression on my son. I wish that he was home to help my son with his homework now and they have a good relationship.
**MS. REIFSNYDER:** Is there anything else that you want to tell us?
**MS. WALKER:** No

*Id.* at 3-5. The following statements were made by the Defendant:

**THE COURT:** Do you have something that you want to say?
**DEFENDANT:** Yes. I apologize about me not coming to court. At the time when I had got home, I got around my family. When it was time for me to come in, I got scared.
**THE COURT:** Who were you afraid of?
**THE DEFENDANT:** Doing more time. I don't like going to jail.
**THE COURT:** That's real good to hear. I don't think most people like going to jail.
**THE DEFENDANT:** I don't like going to jail. I am supposed to take responsibility. I should have came to court and everything but I just didn't want to lose my family or nothing. That's basically it.

*Id.* at 6.

In addition to the above-referenced testimony, this Court considered the nature and circumstances of Defendant's offenses as well as the need to protect the public. *See* 42 Pa.C.S. § 9721(b) ("the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offenses as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant"). This Court specifically stated the following in support of its sentencing decision:

**THE COURT:** For sentencing purposes I'll cite the fact that I did receive the PSI reports, also the fact that you did have a waiver trial. You spared the Commonwealth the expense of a jury trial. However, I do think you are a danger to the community based upon your prior record, and your prior record score is a three. The offense gravity is a ten. That means that your guideline range is very high. I'm going to sentence you to somewhere in the middle of guidelines. Four to eight years on the 6105. Three and a half to seven on the 6106 charge. Two and a half to five on the 6108 charge. The other to run concurrently. Credit for any time served.

13

*Id.* at 13. Although Defendant was facing a five (5) to ten (10) year sentence based on his guideline score, this Court mitigated the sentence to four (4) to eight (8) years' incarceration upon consideration of the above-referenced factors.

Based on the foregoing, Defendant's claim should be dismissed. Contrary to Defendant's contention, this Court heard testimony that the Defendant remained arrest free for a substantial period of time, that Defendant waived his right to a jury trial, that Defendant had a good relationship with his son and provided for him and the boy's mother, and that Defendant got his GED. This Court considered these factors, as well as the others mentioned above when fashioning its sentence. Since Defendant's argument is completely unsupported by the record and without merit, his claim that trial counsel was ineffective for failing to file a post-sentence motion for reconsideration of sentence should be dismissed. Trial counsel cannot be deemed ineffective for failing raise a meritless claim.

### C. Defendant has failed to satisfy his burden of proving ineffectiveness based on trial counsel's failure to appeal the amendment of the bill of information

On appeal, Defendant claims that trial counsel was ineffective for failing to appeal the Commonwealth's amendment of the bill of information to include the charge of Possession of a Firearm Prohibited (18 Pa.C.S.A. § 6105). This claim must fail. Defendant did not and cannot satisfy the prejudice prong of the test for ineffectiveness.

According to Pennsylvania Rule of Criminal Procedure 564, the trial court "may allow an information to be amended, provided that the information as amended does not charge offenses arising from a different set of events and that the amended charges are not so materially different from the original charge that the defendant would be unfairly prejudiced." Pa.R.Crim.P. 564. In determining whether to permit such an amendment, courts consider "whether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the

14

same factual situation as the crimes specified in the amended indictment or information. If so, the defendant is deemed to have been placed on notice regarding his alleged criminal conduct." *Commonwealth v. Davalos*, 779 A.2d 1190, 1194 (Pa. Super. 2001)(citing *Commonwealth v. Stanley*, 401 A.2d 1166, 1175 (Pa. Super. 1979)). If, on the other hand, "the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted." *Id.*

Here, prior to start of trial on August 11, 2011, the Commonwealth moved to amend the bill of information to include the charge of Possession of a Firearm Prohibited (18 Pa.C.S.A. § 6105). According to the Commonwealth, this charge was originally held for court and remained open, but did not appear on the court extract. The following exchange occurred:

> **MS. TAYLOR:** Before we proceed on a trial, I would like to ask the Court to correct the Bills of Information. I spotted this earlier. It looks like this case was originally heard by Judge DeLeon on February 9th. At that point the judge held for court only the charge of 6105. The case was refiled, and then on April 5th, 2011 6106 and 6108 were also held for court. It looks from looking at the court's records, that all three charges are open; but when I look at the court extract, it says that we're only proceeding on two. I wanted to amend the bills and include 6105.
> **MS. REIFSNYDER:** Your Honor, I do have an objection to that. The Bills of Information clearly say they're proceeding on 6106 and 6108 only. The preliminary hearing was February 9th of 2011. The appeal was taken I believe and actually heard on April 5th, and the Bills of Information were returned at the time of arraignment or at the time of arraignment we have had the 5/2 date in 1101 when the bills were given to us. We had a trial date here on June 6th, and no amendment was made. And we've had, frankly, all day today where we've already litigated a motion and no amendments to the bills were made. So I do object to that at this point.
> **THE COURT:** Well, [the Commonwealth] certainly can amend any time prior to trial, whether two weeks, two days, or two hours. So it's amended.

N.T. 8/11/11 at 27-28. As the transcript clearly demonstrates, this Court overruled defense counsel's objection and allowed the amendment. This Court's decision was proper for several reasons.

15

First, as the Commonwealth pointed out, all three charges were open. Thus, although the Possession of a Firearm Prohibited (18 Pa.C.S.A. § 6105) charge did not appear on the court extract, it was intended to be included therein. As such, amendment was permitted to correct this defect.

Second, even if Possession of a Firearm Prohibited (18 Pa.C.S.A. § 6105) was not erroneously omitted from the court extract, amendment was proper because this charge involves the same basic elements as 18 Pa.C.S.A. § 6106 and 18 Pa.C.S.A. § 6108. To convict a person of Carrying Firearms Without a License (18 Pa.C.S.A. § 6106), the Commonwealth must prove beyond a reasonable doubt that he "carrie[d] a firearm in any vehicle or . . . concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license." To convict a person of Carrying Firearms on Public Property in Philadelphia (18 Pa.C.S.A. § 6108), the Commonwealth must prove beyond a reasonable doubt that he carried a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless he was licensed to carry a firearm or was exempt from licensing. To convict a person of Possession of a Firearm Prohibited (18 Pa.C.S.A. § 6105), the Commonwealth must prove beyond a reasonable doubt that he possessed a firearm and that he was convicted of an enumerated offense that prohibits him from possessing, using, controlling, or transferring a firearm. The elements of 18 Pa.C.S.A. § 6105 are not materially different from the elements of 18 Pa.C.S.A. § 6106 and 18 Pa.C.S.A. § 6108; all three crimes require the element of possession.

In addition to involving the same basic elements, the charges evolved out of the same factual situation. To reiterate the facts, Officer McFillin and Officer Winckler received a radio call on January 3, 2011 at approximately 10:22 p.m., about a black male wearing a black vest, blue sweatshirt, light colored jeans, and a gray hoodie, with a gun inside the Comfort Zone Bar. After

16

entering the Bar, Officer Winckler approached the Defendant while Officer McFillin spoke with a woman who provided him with information sufficient to support an investigative detention. The officers then escorted the Defendant outside and Officer Winckler performed a quick pat down and frisk of his person for weapons. Officer Winckler recovered a black and silver .40 caliber Smith & Wesson semiautomatic firearm loaded with one round and containing nine (9) additional rounds of live ammunition from Defendant's right front pants pocket. All charges against Defendant stemmed from this event. As such, Defendant was on notice regarding his alleged criminal conduct.

Finally, Defendant suffered no prejudice as a result of the amendment. Defendant knew he was a convicted felon and was not permitted to carry a firearm. This is evident from Defendant's criminal record. On June 5, 2000, Defendant pled guilty to several felony charges. As a result of these convictions, Defendant was not permitted to possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth. It would be nonsensical to suggest that Defendant was not aware of his felony convictions and the fact that he was not permitted to possess a firearm.

For the foregoing reasons, Defendant's claim should be dismissed. Defendant did not and cannot demonstrate that had trial counsel raised this issue, it would have been meritorious on appeal. *See Commonwealth v. Washington*, 927 A.2d 586, 607-08 (Pa. 2007). As such, Defendant's claim of ineffectiveness should be dismissed.

## II. THIS COURT DID NOT ERR IN FAILING TO GRANT AN EVIDENTIARY HEARING

On appeal, Defendant claims that this Court erred in failing to grant an evidentiary hearing. Defendant's claim must fail. This Court properly disposed of Defendant's PCRA petition without first conducting an evidentiary hearing.

It is well-established that "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008); Pa.R.Crim.P. 907(2). A reviewing court must examine the issues raised in the PCRA petition in light of the record to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing. *Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001). It is appropriate to dismiss claims "where the pleadings are insufficient to state a claim for post-conviction relief." *Commonwealth v. Clark*, 961 A.2d 80, 94 (Pa. 2008).

Here, this Court determined that the claims raised in Defendant's PCRA petition contained no genuine issues of material fact. As discussed at length above, Defendant's claims of ineffectiveness were not supported by the record. Thus, an evidentiary hearing was not necessary.

## CONCLUSION

For all the foregoing reasons, this Court respectfully requests that its judgment be affirmed in its entirety.

BY THE COURT:

_____
PAULA PATRICK, J.

18